IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CREVANDO S. ESTRELLO, 878141,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-1035-L |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On May 18, 1999, Petitioner was convicted of two cases of aggravated assault on a public servant and one case of possession of a controlled substance (cocaine). Petitioner's convictions were also enhanced with a prior conviction. *State of Texas v. Cervando Estrello*, Nos. F-9801349-RU, F-9801350-RU, and F-9800168-NU, (291st Dist. Ct., Dallas County, Tex., May 18, 1999). Petitioner was sentenced to fifty years imprisonment on each offense, to run concurrently. On November 29, 2000, the Twelfth District Court of Appeals affirmed Petitioner's convictions. *Estrello v. State*, Nos. 12-99-00236-CR, 12-99-00237-CR, and 12-99-00238-CR (Tex. App. – Tyler, Nov. 29, 2000) (unpublished).

On April 26, 2002, Petitioner filed state applications for writs of habeas corpus challenging each of his convictions. *Ex parte Estrello*, Applications Nos. 53,078-01, -02, -03. On September 11, 2002, the Court of Criminal Appeals granted Petitioner the right to file an out-of-time petition for discretionary review. On January 22, 2003, the Court of Criminal Appeals denied Petitioner's petitions for discretionary review. *Estrello v. State*, P.D.R. Nos. 1973-02, 1974-02, and 1975-02. On October 1, 2003, Petitioner filed his second applications for state habeas relief. *Ex parte Estrello*, Application Nos. 53,078-04, 53,078-05, and 53,078-06. On January 21, 2004, the Court of Criminal Appeals denied the petitions on the findings of the trial court.

On May 8, 2004, Petitioner filed this federal petition for writ of habeas corpus. He argues: (1) he received ineffective assistance of counsel; (2) the state suppressed evidence; (3) he is actually innocent; and (4) the state presented false evidence.

The Court finds the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

1. § 2244(d)(1)(A)

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On November 29, 2000, the Twelfth District Court affirmed Petitioner's convictions. He did not file a petition for discretionary review. His convictions therefore became final thirty days later, on December 29, 2000. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until December 29, 2001, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On April 26, 2002, Petitioner filed his first state applications for writ of

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**        Page -3-

habeas corpus. These applications were filed after the one-year limitations period expired. They therefore did not toll the limitations period. Petitioner, however, was granted leave to file an out-of-time petition for discretionary review. This petition is considered part of collateral review, rather than direct review. *Salinas v. Dretke*, 354 F.3d 425, 431 (5th Cir. 2004). It therefore did not effect the date Petitioner's convictions became final. The petition only provided statutory tolling under 28 U.S.C. § 2244(d)(2). *See Salinas*, 354 F.3d at 431. The petition, however, was filed after the one-year limitations period expired. It therefore did not toll the limitations period.

Petitioner's federal petition was due by December 29, 2001. He did not file his federal petition until May 8, 2004. His petition is therefore untimely.

2.   § 2244(d)(1)(D)

Petitioner also argues his petition is timely under § 2244(d)(1)(D) because he has newly discovered evidence that the prosecution suppressed evidence and also presented false evidence. He states that police computer transmissions from the night of the incident show that some officers stated Petitioner should be charged with unlawful carrying of a weapon, instead of attempted capital murder of a police officer because Petitioner never pulled the gun on officers. A police internal affairs investigation was conducted regarding these allegations. This evidence, however, was provided to defense counsel prior to trial and was presented at trial. (Trial Tr. Vol. 1 at 42-56 and 86-91). Petitioner therefore cannot show that this evidence is newly discovered. Further, although he claims that he received some of the internal affairs documents in 2002, he has failed to show that he acted with due diligence by requesting these documents earlier. Petitioner has failed to establish that his petition is timely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he received ineffective assistance of counsel which prevented his claims from being timely. Petitioner's claims do not establish a basis for equitable tolling. As the Fifth Circuit has stated:

> Whether [petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of the tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations.

*Molo v. Johnson*, 207 F.3d 773,775 (5th Cir. 2000); *see also, Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *Felder v. Johnson*,

204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy, deafness, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Petitioner has not shown that he was actively mislead by the state, or that he was prevented is some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 27th day of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).