IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CERVANDO S. ESTRELLO, 878141,  )
      Petitioner,  )
  )
v.  )    No. 3:04-CV-1035-L
  )
RICK THALER, Director TDCJ-CID,  )
      Respondent.  )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural background**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

On May 18, 1999, Petitioner was convicted of two cases of aggravated assault on a public servant and one case of possession of a controlled substance (cocaine). Petitioner's convictions were also enhanced with a prior conviction. *State of Texas v. Cervando Estrello*, Nos. F-9801349-RU, F-9801350-RU, and F-9800168-NU, (291st Dist. Ct., Dallas County, Tex.,

Page 1

May 18, 1999). Petitioner was sentenced to fifty years imprisonment on each offense, to run concurrently. On November 29, 2000, the Twelfth District Court of Appeals affirmed Petitioner's convictions. *Estrello v. State*, Nos. 12-99-00236-CR, 12-99-00237-CR, and 12-99-00238-CR (Tex. App. – Tyler, Nov. 29, 2000) (unpublished).

On April 26, 2002, Petitioner filed state applications for writs of habeas corpus challenging each of his convictions. *Ex parte Estrello*, Applications Nos. 53,078-01, -02, -03. On September 11, 2002, the Court of Criminal Appeals granted Petitioner the right to file an out-of-time petition for discretionary review. On January 22, 2003, the Court of Criminal Appeals denied Petitioner's petitions for discretionary review. *Estrello v. State*, P.D.R. Nos. 1973-02, 1974-02, and 1975-02. On October 1, 2003, Petitioner filed his second applications for state habeas relief. *Ex parte Estrello*, Application Nos. 53,078-04, 53,078-05, and 53,078-06. On January 21, 2004, the Court of Criminal Appeals denied the petitions on the findings of the trial court.

On May 8, 2004, Petitioner filed a federal petition for writ of habeas corpus. He argued: (1) he received ineffective assistance of counsel; (2) the state suppressed evidence; (3) he is actually innocent; and (4) the state presented false evidence. On April 28, 2006, the Court dismissed the petition as time-barred.

On June 17, 2010, Petitioner filed the instant Rule 60(b) motion arguing his petition is not time-barred. Petitioner argues that based on the Supreme Court's decision in *Jimenez v. Quarterman*, 555 U.S. 113 (2009), his § 2254 petition was timely filed. The Court finds the Rule 60(b) motion should be denied.

**II. Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a judgment or an order. It states:

> On Motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Petitioner's motion does not raise a claim under Rule 60(b)(1) through (5). Rule 60(b)(6) allows a district court to relieve a party from a final judgment "for any other reason that justifies relief." The rule is only used in "extraordinary circumstances." *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) (quoting *Williams v. Taylor*, 602 F.3d 291, 311 (5th Cir. 2010)). In this case, Petitioner relies upon the Supreme Court's decision in *Jimenez* to argue that extraordinary circumstances exist in this case.

In *Jimenez*, the Supreme Court held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A)." *Jimenez*, 129 S. Ct. at 686. If this Court applied *Jimenez* to Petitioner's case, his petition would be timely.

The law in the Fifth Circuit at the time the Court ruled on Petitioner's petition, however, was that an out-of-time appeal did not reset the one-year AEDPA limitations period. *See Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), *overruled by Jimenez v. Quarterman*, 555 U.S. 113

(2009). Petitioner seeks to retroactively apply the *Jimenez* decision to his petition.

The Fifth Circuit has held, however, that the Supreme Court's *Jimenez* decision announcing a new method of calculating the limitations period under 28 U.S.C. § 2244(d)(1)(A) is not the type of extraordinary circumstances that would warrant relief under Rule 60(b)(6). *Hernandez v. Thaler*, ___ F.3d ___, 2011 WL 38030 at *4 (5th Cir. Jan. 6, 2011). The Court stated, "'a change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment.'" *Id*. at 5 (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)). Petitioner's Rule 60(b) motion should therefore be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that Petitioner's Rule 60(b) motion be denied.

Signed this 24th day of January, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).