IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CERVANDO S. ESTRELLO, 878141**, | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:04-CV-1035-L** |
| **RICK THALER, Director TDCJ-CID**, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner Cervando S. Estrello's Motion for Relief From Judgment, filed June 17, 2010. The court referred the motion to United States Magistrate Judge Paul D. Stickney on July 2, 2010, pursuant to 28 U.S.C. § 636(b). Judge Stickney entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 24, 2011. Petitioner filed objections to the Report on February 16, 2011.

Petitioner was convicted of two felony counts on May 18, 1999: aggravated assault on a public servant and possession of a controlled substance (cocaine). He was sentenced to fifty years imprisonment on each offense, to run concurrently. His convictions were affirmed on November 29, 2000. Petitioner subsequently filed state applications for writs of habeas corpus. The Texas Court of Criminal Appeals ultimately denied the petitions on the findings of the trial court on January 21, 2004.

On May 8, 2004, Petitioner filed a federal petition for writ of habeas corpus. The district court dismissed the petition as time-barred on April 28, 2006. Petitioner filed the instant Rule 60(b) motion on June 17, 2010, to argue that his federal habeas petition was not time-barred. He relies

on the Supreme Court decision in *Jimenez v. Quarterman*, 555 U.S. 113 (2009) to warrant the requested relief. The magistrate judge notes that if *Jimenez* applied to Petitioner's case, the federal habeas petition would have been timely. At the time the district court dismissed the petition, however, *Jimenez* was not the controlling law. Petitioner therefore requests retroactive application of *Jimenez* to his case.

The magistrate judge recommends that Petitioner's Rule 60(b) motion be denied because Fifth Circuit authority makes clear that the Court's *Jimenez* decision is not the type of extraordinary circumstance that warrants relief under Rule 60(b)(6). *See Hernandez v. Thaler*, ___ F.3d ___, 2011 WL 38030, at *4 (5th Cir. Jan. 6, 2011). "'[A] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment.'" *Id.* at *5 (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)). Petitioner nevertheless urges that his claim is premised upon the "equitable considerations on which Rule 60(b)(6) is founded." Pet'r's Obj. at 1. He argues that *Jimenez* does not constitute a "change in the law" and that the relief he seeks is warranted by exceptional circumstances, including (1) ineffective assistance of counsel, (2) misconstruction of the statutory language of § 2244(d)(1)(A) by the lower courts, (3) his claim of actual innocence, (4) his claim of prosecutorial misconduct involving the withholding of exculpatory evidence, and (5) a claim of newly discovered evidence supporting actual innocence.

The record establishes that the internal affairs investigation, conducted in response to Petitioner's allegations regarding prosecutorial misconduct, produced evidence that was given to defense counsel prior to trial and was presented at trial. With respect to the internal affairs documents Petitioner received in 2002, Petitioner failed to show that he acted with due diligence by

requesting those documents earlier. In essence, the "exceptional circumstances" that Petitioner describes were previously submitted to this court in his original Petition for Writ of Habeas Corpus filed in 2004. The court considered these circumstances then, and it determined that they did not warrant equitable tolling of the statute of limitations. The court again considers them now, and it again reaches is prior conclusion: equitable tolling of the limitations period is not warranted.

With respect to Petitioner's contention that *Jimenez* did not constitute a "change in the law" and that retroactive application is unnecessary for the court to grant the relief Petitioner seeks, the court disagrees. It is clear from the court's understanding of *Jimenez* that the decision altered the way that the limitations period in habeas cases is calculated when the Court of Criminal Appeals grants the right to file an out-of-time petition for discretionary review. This method of calculation was not used in prior habeas proceedings decided before *Jimenez*, such as Petitioner's. Accordingly, the court believes that *Jimenez* is rightly characterized as a "change in the law" and that, for Petitioner's habeas application to be timely, retroactive application of *Jimenez* is necessary. For the reasons discussed, the court declines to retroactively apply *Jimenez* because a change in the controlling law does not constitute the type of "extraordinary circumstances" necessary for relief under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). Accordingly, the court **overrules** Petitioner's objections.

After making an independent review of the motion, record, Report, objections, and controlling law, the court determines that the findings and conclusions of the United States Magistrate Judge are correct. They are **accepted** as those of the court. Petitioner Cervando S. Estrello's Motion for Relief From Judgment is **denied**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court further **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 23rd day of February, 2011.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.