IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CERVANDO S. ESTRELLO, 878141**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:04-CV-1035-L** |
| | § | |
| **RICK THALER, Director TDCJ-CID**, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner's Motion for Reconsideration or Alternatively Certificate of Appealability, filed March 10, 2011. The court entered an order on February 23, 2011, that accepted the findings and recommendation of Magistrate Judge Stickney and denied Petitioner relief from final judgment. After reviewing the motion, record, and applicable law, the court **denies** Petitioner's Motion for Reconsideration or Alternatively Certificate of Appealability.

Petitioner was convicted of two felony counts on May 18, 1999: aggravated assault on a public servant and possession of a controlled substance (cocaine). He was sentenced to fifty years imprisonment on each offense, to run concurrently. His convictions were affirmed on November 29, 2000. Petitioner subsequently filed state applications for writs of habeas corpus. The Texas Court of Criminal Appeals ultimately denied the petitions on the findings of the trial court on January 21, 2004.

On May 8, 2004, Petitioner filed a federal petition for writ of habeas corpus. The district court dismissed the petition as time-barred on April 28, 2006. Petitioner filed a Rule 60(b) motion to challenge the district court's dismissal on June 17, 2010. Petitioner argued that his federal habeas

petition was not time-barred in light of the Supreme Court decision in *Jimenez v. Quarterman*, 555 U.S. 113 (2009). The magistrate judge noted that if *Jimenez* applied to Petitioner's case, the federal habeas petition would have been timely filed. At the time the district court dismissed the petition, however, *Jimenez* was not the controlling law. The district court concluded that Petitioner was not entitled to relief from judgment because retroactive application of *Jimenez* was unwarranted.

Petitioner now asks the court to reconsider its prior ruling on two grounds. First, Petitioner argues that *Jimenez* should apply to his case because it was not a change in the law and involved only statutory interpretation of § 2244(d)(1)(A). Alternatively, Petitioner requests retroactive application of *Jimenez* to his case as a "watershed rule of criminal procedure." The court is unpersuaded on either ground.

The court stands by its prior determination that *Jimenez* constituted a "change in the law" and was not simply a matter of statutory interpretation, for the reasons discussed in the court's February 22, 2011 memorandum opinion and order. Thus, retroactive application of *Jimenez* is required for Petitioner's habeas application to have been considered timely. Petitioner argues that retroactive application is warranted because *Jimenez* constitutes a watershed rule of criminal procedure.

"[W]atershed rules of criminal procedure implicat[e] the fundamental fairness and accuracy of the criminal proceeding." *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997) (citing *Graham v. Collins*, 506 U.S. 461, 478 (1993); *Teague v. Lane*, 489 U.S. 288, 311 (1989)) (internal quotation marks omitted). There is nothing inherent in the way that a court calculates the limitations period for filing a habeas petition that diminishes the likelihood of accuracy with respect to Petitioner's underlying criminal conviction. The change in law brought about by *Jimenez* in no way challenges

the underlying criminal proceeding, or casts doubt that Petitioner was wrongfully convicted of the felony offenses for aggravated assault on a public servant and possession of a controlled substance (cocaine).

The court therefore concludes that *Jimenez* does not produce a "watershed rule of criminal procedure," and the court rejects Petitioner's invitation to revisit its prior ruling. For the reasons stated, Petitioner's Motion for Reconsideration or Alternatively Certificate of Appealability is **denied**.

**It is so ordered** this 13th day of June, 2011.

Sam A. Lindsay
United States District Judge